By the Court.—Speir, J.
The statement of facts in this case is contained in 39 Superior Court Reports 389 (7 Jones & Spencer), and is substantially the same as appears on the argument now before us. On the former appeal a new trial was ordered upon the ground that all the evidence in the case going to show that the defendant undertook the duties of an agent, or of a trustee and to act in the matter for the interest and on behalf of the plaintiff, yas admitted by the trial *89 judge only so far as it would tend to show notice, and that the evidence should be strictly limited to the question of notice. The result of the error or misunderstanding, whichever it was, between counsel and the court, was to leave the real issue between the parties untried. On this trial the same evidence was in effect received without limitation as to notice, and the jury, under the direction of the learned judge, found a verdict for the plaintiff.
The main objection now made by defendant’s counsel against the plaintiff’s recovery is that the complaint does not state any cause of action against the defendant. The allegations in the complaint are the ownership of the property, its possession by the defendant, demand by the plaintiffs for its return, and refusal by the defendant. If the defendant, while acting as trustee, bought or undertook to buy these bonds,' and to get title to them for himself, he then wrongfully converted them. The plaintiffs do not sue upon the agreement, but upon the tortious acts of. the defendant after having entered into the agreement from which he cannot escape. The proof in the case showing the relation which defendant bore to the plaintiff’s testator, was such that the purchase, or attempted purchase, of the bonds by defendant from any one, was necessarily a conversion, does not change the character of the action. The plaintiff’s action is for a conversion of sixteen bonds of the Toledo, Peoria & Warsaw Railway Company. These were in the possession of the defendant. Assuming the possession of the defendant to these bonds was rightful, competent and material evidence could be furnished to show that the existing relations between him and the plaintiffs made defendant’s detention of the bonds wrongful, and his refusal to deliver them upon demand a conversion. Whenever these vouchers—ten old bonds—were produced for cancellation not only the title of the plain *90 tiff’s testator to the bonds in the action, but his right to the possession became unqualified, and after demand and refusal an action would lie against the defendant, and no averment would be necessary but ownership, demand, and refusal.
The only exception to the charge requiring our attention is that there was no legal evidence of the value of the bonds, and that the court erred in submitting Secor’s valuation to the jury. The evidence offered as to valuation was that'of Mr. Secor, who states that in March, 1870, the market price was from 84 to 86 cents on the dollar ; that he had no recollection of buying or selling any bonds in March, 1870, or as to any sales or purchases, made at that period ; and in answer to this question on cross-examination, “ Then your estimate is more a matter of judgment than recollection, isn’t it, of what you think it was at that time?” he said, “My estimate is based on keeping the run of the market price, because I was very much interested in it. Having a very large interest in the road I kept the run pretty well of the market price.” It appeared that at the time of the trial (which was in April, 1876) he had been president of the company for four years; that his brother, who preceded him, came into office in March, 1870, and it substantially appeared that he had been largely interested in the road from its organization. The court instructed the jury that as the plaintiffs had the burden of proof, they must take it as evidence, on behalf of the plaintiff, that the bonds were not worth over 84 cents on the dollar at the time claimed, unless Secor is discredited by the jury on that point. But in considering whether he is to be discredited as a witness, they must also consider that defendant, who has the means of producing evidence of what the value of the bonds was, does not in fact produce it. I cannot discover any errors in the charge to the jury, or to the remaining exceptions to the refusal to charge.
*91 The judgment and order denying the motion for a new trial must be affirmed with costs.
Curtis, Ch. J., concurred.